UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UMG RECORDINGS, INC, CAPITOL RECORDS, LLC, CONCORD BICYCLE ASSETS, LLC, CMGI RECORDED MUSIC ASSETS LLC, SONY MUSIC ENTERTAINMENT, and ARISTA MUSIC<br><br>       Plaintiffs,<br><br> v.<br><br>INTERNET ARCHIVE, BREWSTER KAHLE, KAHLE/AUSTIN FOUNDATION, GEORGE BLOOD, and GEORGE BLOOD, L.P.<br><br>       Defendants. | Civil Action No. 23-cv-7133 (LGS)<br><br>**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER** |

LORNA G. SCHOFIELD, United States District Judge:

  This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent___/do not consent _X_] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. See 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed.*]

2. The parties [have _X_/have not____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

    a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.
       [Yes___/No _X_]

    b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.
       [Yes___/No _X_]

    c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-

   schofield.
   [Yes____/No _X_]

  d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield.
   [Yes____/No _X_]

4. Alternative Dispute Resolution/Settlement

  a. Settlement discussions [have ___/have not _X_] taken place.

  b. Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

   <u>Counsel for the Parties agree that no informal exchange of information will aid early settlement at this time.</u>

  c. Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

   <u>(iii) retention of a private mediator.</u>

  d. Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (*e.g.*, within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

   <u>At any time convenient to the mediator and the parties.</u>

  e. **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5. **Commencement of Discovery.**

  a. **Plaintiffs:** Plaintiffs' position is that discovery should begin immediately, upon entry of this Order.

  b. **Defendants:** Defendants do not believe it is appropriate for those defendants over whom the Court lacks personal jurisdiction to be engaged in discovery before the Court has the opportunity to address that preliminary gating issue. Defendants position is that discovery should not begin until the Court has ruled on Defendants' motion to dismiss and/or transfer.

  c. Given that the date on which discovery begins affects many of the deadlines below, the parties have pegged those deadlines to the commencement of

discovery.  If the Court prefers deadlines with dates certain, once the Court resolves the issue of when discovery will begin, the parties will jointly submit a revised proposed scheduling order for the Court's consideration.

6. No additional parties may be joined after <u>60 days from the beginning of fact discovery</u> without leave of Court.

7. Amended pleadings may be filed without leave of Court until 60 days after service of a responsive pleading.

8. Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed:

    a. **Plaintiffs:** no later than 14 days from the date of this Order.

    b. **Defendants:** no later than 14 days from the date of the Court's Order on Defendants' motion to dismiss and/or transfer.

9. Fact Discovery

    a. All fact discovery shall be completed no later than <u>one year from the beginning of discovery, given the complexities of this case</u>.

    b. Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served within 30 days of the beginning of discovery.

    c. Responsive documents shall be produced within eight months of the beginning of discovery.

       Do the parties anticipate e-discovery? [Yes __X__/No____].

    d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served <u>no later than 30 days before the close of fact discovery</u>.

    e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by the <u>close of fact discovery</u>.

    f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served <u>no later than 30 days before close of fact discovery</u>.

    g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

10. Expert Discovery

    a. Anticipated types of experts if any:

      i. **Plaintiffs:** Plaintiffs may designate experts regarding Defendants' direct infringement, analysis of data regarding Defendants' infringement, and damages.

      ii. **Defendants:** Defendants may designate industry and damages experts.

  b. All expert discovery shall be completed no later than <u>120 days after the completion of all fact discovery</u>.

  c. No later than <u>30 days before the completion of fact discovery,</u> the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

11. This case [is __X_/is not____] to be tried to a jury.

12. Counsel for the parties have conferred and their present best estimate of the length of trial is:
    <u>Reserving all rights given the early stage of the case, counsel for the parties estimate the length of trial will be approximately 7-10 days.</u>

13. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    a. **Rule 12 Motion Sequence**.

        i. **Plaintiffs**: All motions to dimiss under Fed. R. Civ. P. 12 must be filed at the same time. Plaintiffs' position is that a single briefing sequence to resolve all issues regarding the pleadings is both required by Fed. R. Civ. P. 12 and the most efficient process.

        ii. **Defendants**: Defendants intend to move under Rule 12(b)(1) to dismiss for lack of personal jurisdiction, and under 28 U.S.C. § 1404 to transfer the case; Defendants also intend to move to dismiss under Rule 12(b)(6) for failure to state claims that are barred, in whole or in part, by the statute of limitations. Defendants' position is that efficiency will be served by sequencing the motions such that the Court may first resolve the gating issues of personal jurisdiction and venue, and only if the Court determines, after briefing on those issues, that the case can and should proceed in this Court, the parties would then brief any motion to dismiss for failure to state a claim under Rule 12(b)(6). This proposed sequencing is permitted by Rule 12.

b. **Depositions.** Plaintiff proposes a limit of 15 depositions per side without leave of Court. Defendants believe that 20 depositions per side is more appropriate, given the number of parties and complexity of the case. The parties otherwise agree as follows: A deposition pursuant to a notice under Fed. R. Civ. P. 30(b)(6) shall count as one deposition for purposes of this limit, regardless of whether the receiving party designates more than one witness to testify as to the topics in the notice. Where a person designated to testify on behalf of a noticed entity is also deposed in that person's individual capacity, the deposition of that person in their individual capacity shall count as a separate deposition. Expert and third-party depositions shall count toward this limit.

c. **Electronically Stored Information.** The parties contemplate producing electronically stored information ("ESI") that may be relevant to this matter, including materials created more than five years prior to the filing of the lawsuit, and agree to produce ESI pursuant to a Stipulated Order Approving the Protocol for Producing Documents and Electronically Stored Information ("Stipulated Order"). The parties anticipate jointly submitting this Stipulated Order for the Court's review within 14 days of entry of this Order.

d. **Rolling Productions.** The parties will produce documents on a rolling basis.

e. **Privilege Logs.** Communications between a party and counsel of record in this litigation do not need to be included on the log. Privileged communications, or protected work product, created on or after the commencement of this action do not need to be included on the log.

f. **Documents Received from Non-Parties.** Any party that receives documents from a non-party pursuant to a subpoena shall make those documents available to any other party, at the other party's cost.

g. **Service.** For all motions and other Court filings, the parties agree to rely on automated service through ECF. For service of documents not filed through ECF, the parties agree to serve and accept service by email. Upon request, the parties agree to provide Word copies of all discovery requests.

h. **Protective Order.** The parties shall confer on the terms of an appropriate protective order that may be deemed necessary to protect confidential, proprietary information that may be exchanged during the course of discovery. The parties anticipate jointly submitting a proposed Protective Order within 14 days of entry of this Order.

14. Status Letters and Conferences

a. <u>No later than six months from the beginning of fact discovery,</u> the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

b. No later than <u>six weeks after the completion of fact discovery</u>, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

c. <u>Six weeks after the completion of fact discovery,</u> a pre-motion conference will be held for any anticipated dispositive motions, provided:

   i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter at **least two weeks before** the conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. To join the conference, the parties shall call (888) 363-4749 and use Access Code 558-3333. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

   ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference, even though the conference will be held by telephone.

Date:_____
   New York, New York

                                          _____
                                          LORNA G. SCHOFIELD
                                          United States District Judge

Counsel for the Parties:

OPPENHEIM + ZEBRAK, LLP

*/s/ Corey Miller*
Matthew J. Oppenheim
Corey Miller
Danae Tinelli
4530 Wisconsin Avenue, NW, Fifth Floor
Washington, DC 20016
Tel:  202-480-2999
matt@oandzlaw.com
corey@oandzlaw.com
danae@oandzlaw.com

*Counsel for Plaintiffs*

LATHAM & WATKINS LLP

*/s/ Allison L. Stillman*
Andrew Gass
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel:  415-391-0600
andrew.gass@lw.com

Allison L. Stillman
1271 Avenue of the Americas
New York, NY 10020
Tel:  212-906-1200
alli.stillman@lw.com

*Counsel for Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood, L.P.*

CONRAD | METLITZKY | KANE LLP

*/s/ Jesse Lanier*
Jesse Lanier
Mark Conrad
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
jlanier@conmetkane.com
mconrad@conmetkane.com

*Counsel for Defendant Kahle/Austin Foundation*