

**O+Z** Oppenheim
+ Zebrak, LLP

WASHINGTON – NEW YORK

The initial pretrial conference scheduled for **October 4, 2023**, is adjourned to **October 18, 2023, at 4:20 P.M.**  By **October 4, 2023**, Defendants shall file a pre-motion letter describing their proposed motions to dismiss under FRCP 12.  Plaintiff shall respond to that letter by **October 11, 2023**.  All letters shall comply with the Court's Individual Rules, including page limits.  Also by **October 11, 2023**, the parties shall re-file their proposed Case Management Plan with proposed dates for discovery deadlines.  Absent compelling circumstances, the Court does not stay discovery pending decision on a motion to dismiss.  So Ordered.

**DELIVERED VIA ECF**

September 27, 2023

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Dated: September 28, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

Re: *UMG Recordings, Inc., et al. v. Internet Archive, et al.*, 1:23-cv-07133 (LGS)
    Initial Pretrial Conference Joint Letter

Your Honor:

Pursuant to the Court's Order setting an Initial Pretrial Conference (ECF No. 10) in the above-captioned case, the parties write jointly to provide the following information the Court has required in advance of the initial pretrial conference scheduled for October 4, 2023 at 4:20 p.m.

**1)   Brief Statement of the Nature of the Case**

   **a)   Plaintiffs:**

   Plaintiffs bring this suit to address Defendants' massive ongoing infringement of Plaintiffs' rights in protected pre-1972 sound recordings.  Plaintiffs are record companies that produce, manufacture, distribute, sell, and license commercial sound recordings, both in the United States and internationally.  As part of what Defendants have dubbed the "Great 78 Project," Defendants have created an enormous, unauthorized, digital record store of recordings.  Internet Archive, George Blood ("Blood"), and George Blood, L.P. ("GBLP") have willfully reproduced thousands of Plaintiffs' protected sound recordings without authorization by copying physical records into digital files, and then willfully uploading, distributing, and digitally transmitting those illegally copied sound recordings millions of times from Internet Archive's website ("Great 78 website").  Brewster Kahle ("Kahle"), the Kahle/Austin Foundation (the "Foundation"), Blood, and GBLP have knowingly and materially contributed to Internet Archive's immense infringement.  As shown in Exhibit A to the Complaint, there are over 2,700 sound recordings identified that Defendants infringed, and this list is non-exhaustive, as merits discovery has not yet occurred.  Defendants' unlawful activities have caused substantial harm, including depriving Plaintiffs and the artists or their heirs of compensation, and undermining the value of recorded music.

   Key legal and factual issues include: Internet Archive's, Blood's, and GBLP's direct infringement by reproducing, distributing, and publicly performing by means of a digital audio transmission Plaintiffs' protected sound recordings; Internet Archive's

knowledge of, material contribution to, inducement of, right and ability to supervise, and direct financial benefit from direct infringement; Kahle's, the Foundation's, Blood's, and GBLP's knowledge of and contribution to direct infringement; Blood's right and ability to supervise and direct financial benefit from direct infringement; Defendants' willfulness; and damages.

**b)  Defendants:**

The Complaint in this case seeks to condemn a technological initiative to preserve a fast-disappearing part of this country's cultural heritage: the sounds of 78 RPM records, a widely used format for distributing recorded music from the late 19th century through the 1950s.  The peculiar and distinct crackles and imperfections of this medium formed an indelible part of the fabric of American society for many decades.  But the physical objects themselves tend to disintegrate over time—and as the complete set of these old records gradually becomes unplayable, their unique contribution to our history is on a nose-dive path to being lost forever.

Defendant Internet Archive is a not-for-profit research library.  For nearly two decades, it has been involved in efforts to preserve 78 RPM records.  A little over six years ago, the Archive joined with a number of other libraries and related institutions to launch an ambitious project to systematically digitize the sounds of these old relics, hisses, pops and all, in order to preserve them for scholars and future generations.  More than three years ago—now outside the statute of limitations for challenging any digitization that had occurred as of that date—Plaintiff record labels sent a letter expressing their disapproval of that project.  Defendant Brewster Kahle, the founder of Internet Archive, promptly responded that he would gladly exclude any recordings of theirs that they identified to him.  The record labels never responded.

Out of the blue, in August of this year, the record labels sued.  They named as Defendants the Archive itself; Kahle; the contractor with whom the Archive collaborated on its digitization efforts, a specialist who frequently works with record labels themselves named George Blood (along with his company, George Blood, L.P.); and, for some reason, the separate philanthropic foundation that Kahle co-founded, the Kahle/Austin Foundation.  (The Foundation has no relationship whatsoever to the Great78 Project.)  None of these actors has any specific connection to the state or city of New York at all, none are located here, the Great78 Project has no specific connection to this jurisdiction, and it is unclear why this lawsuit was filed in this Court.

To the extent the claims here proceed at all, they should ultimately be rejected on the merits.  The vast bulk of the digitizations resulting from the Great78 Project are of "orphan" recordings, not otherwise available to the public at all.  And even for the fraction that may not be, the Archive's digitizations are not meaningful substitutes for the commercially available versions of the recordings on, say, Spotify or Apple Music. Those versions have been scrupulously remastered to scrub them of precisely what makes the preservation of the original 78 RPM records so essential: the character, the quirks, the color that defined an auditory era in our culture and now risks being lost to time.  Thwarting that loss is a quintessential "fair use" under copyright law.

**2) Subject Matter Jurisdiction and Venue:**

    **a) Plaintiffs:**

        **i)** This Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, *et seq.*, 17 U.S.C. § 1401, and 28 U.S.C. §§ 1331 and 1338, based on federal question jurisdiction.

        **ii)** Venue is proper in this District under 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to these claims occurred in this District when tens of thousands of individuals in this District downloaded and/or streamed Plaintiffs' protected sound recordings from Internet Archive. Venue is also proper in this district under 28 U.S.C. § 1400(a), as this is a civil action relating to copyrights and Defendants may be found in this District.

    **b) Defendants:**

        **i)** Defendants do not dispute that this Court has subject matter jurisdiction over this action pursuant to 17 U.S.C. §§ 101, *et seq.*, 17 U.S.C. § 1401, and 28 U.S.C. §§ 1331 and 1338, based on federal question jurisdiction.

        **ii)** However, the Court lacks personal jurisdiction over Defendants Kahle, Blood, GBLP, and the Foundation. Kahle resides in California. Blood and GBLP reside in Pennsylvania. The Foundation is organized under the laws of Washington, and none of its Board members reside or do business in New York. All lack sufficient contacts to the state of New York.

        **iii)** Venue in this district is not proper, as the complained-of conduct occurred elsewhere, primarily in San Francisco, California.

**3) Contemplated Motions**

    **a) Plaintiffs:**

        Plaintiffs have discovered more sound recordings that Defendants have infringed beyond the exemplary list included on Exhibit A to the Complaint; accordingly, Plaintiffs intend to amend the Complaint to identify additional infringed sound recordings. Plaintiffs anticipate filing a Motion for Summary Judgment by the deadline for dispositive motions after discovery has been completed.

    **b) Defendants:**

        Defendants anticipate filing a motion to dismiss for lack of personal jurisdiction as to Defendants Kahle, Blood and GBLP, and a motion to transfer venue, as this action should have been brought in the United States District Court for the Northern District of California. The Foundation anticipates moving to dismiss for lack of personal jurisdiction. Further, the Defendants anticipate filing a motion to dismiss as Plaintiffs' claims are barred, in whole or in part, by the statute of limitations.[1] The Foundation

---

[1] As discussed in the Joint Case Management Plan, Defendants propose first resolving the gating issues of personal jurisdiction and venue. Only if the Court determines that the suit can and

also anticipates moving to dismiss on the grounds that Plaintiffs' contributory infringement claims as to the Foundation are insufficiently pled and must fail as a matter of law.  If this suit proceeds, Defendants also anticipate filing a Motion for Summary Judgement by the deadline for dispositive motions after discovery has been completed.

**4) Discovery Taken Place**

   **a) Plaintiffs:** N/A

   **b) Defendants:** N/A

**5) Computation of Damages pursuant to Fed. R. Civ. P. 26(a)(1)(A)(iii)**

   **a) Plaintiffs:**
   Plaintiffs are entitled to obtain damages to the fullest extent of the law applicable to Defendants' violations of their rights.  Plaintiffs are not in a position, at this time, to provide a precise computation of damages because information bearing on the subject of damages—specifically including, but not limited to, the extent of Defendants' infringement, the willfulness of Defendants' infringement, and the financial benefits received in connection therewith, including Defendants' financial documents—is in Defendants' possession, custody, or control or will otherwise be developed during the discovery process.  Plaintiffs reserve the right to elect, pursuant to 17 U.S.C. §§ 504 and 1401, to recover statutory damages, including enhanced statutory damages based on Defendants' willful, intentional, and purposeful infringement.  Plaintiffs also intend to seek to recover attorneys' fees pursuant to 17 U.S.C. §§ 505 and 1401.  Plaintiffs reserve the right to seek, pursuant to 17 U.S.C. §§ 502 and 503, an injunction, impoundment, and disposition of infringing articles, and/or other injunctive relief.

   **b) Defendants:**
   Defendants deny that Plaintiffs are entitled to any damages.  Defendants currently do not intend to seek damages against the Plaintiffs, but reserve the right to seek costs and attorneys' fees pursuant to 17 U.S.C. § 505.

**6) Prospects for Settlement**

   **a) Plaintiffs:**
   Plaintiffs are amenable to an early settlement conference and are also willing to attend a private mediation if appropriate.

   **b) Defendants:**
   Defendants are also amenable to an early settlement conference and believe private mediation would be appropriate.

---

should proceed in this Court, the parties would then brief any motion to dismiss for failure to state a claim under Rule 12(b)(6).

**7) Other Information**

   **a) Plaintiffs:** N/A

   **b) Defendants:** N/A

Respectfully submitted,

OPPENHEIM + ZEBRAK, LLP

/s/ Corey Miller
_____
Corey Miller
Matthew J. Oppenheim
Danae Tinelli
4530 Wisconsin Avenue, NW, Fifth Floor
Washington, DC 20016
Tel:  202-480-2999
matt@oandzlaw.com
corey@oandzlaw.com
danae@oandzlaw.com

*Counsel for Plaintiffs*

LATHAM & WATKINS LLP

/s/ Allison L. Stillman
_____
Andrew Gass
505 Montgomery Street, Suite 2000
San Francisco, CA 94111
Tel:  415-391-0600
andrew.gass@lw.com

Allison L. Stillman
1271 Avenue of the Americas
New York, NY 10020
Tel:  212-906-1200
alli.stillman@lw.com

*Counsel for Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood, L.P.*

CONRAD | METLITZKY | KANE LLP

/s/ Jesse Lanier
_____
Jesse Lanier
Mark Conrad
Four Embarcadero Center, Suite 1400
San Francisco, CA 94111
jlanier@conmetkane.com
mconrad@conmetkane.com

*Counsel for Defendant Kahle/Austin Foundation*