

Jesse Lanier
415.469.1719
jlanier@conmetkane.com

October 4, 2023

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY, 10007

Re:  **UMG Recordings, Inc. et al v. Internet Archive et al (1:23-cv-07133-LGS): The Kahle-Austin Foundation's Pre-motion Letter**

Your Honor:

Pursuant to the Court's September 28 Order and Your Honor's Standing Order Rules and III(A)(1) and III(C)(2), Defendant Kahle-Austin Foundation (the Foundation) submits this pre-motion letter. The Foundation will move to dismiss under Rule 12(b)(2) for lack of personal jurisdiction and under Rule 12(b)(6) for failure to state a claim for contributory infringement.

**Dismissal Under Rule 12(b)(2).** The Foundation is not subject to personal jurisdiction in New York. General jurisdiction does not lie because the Foundation is not "essentially at home" here. Specific jurisdiction cannot be exercised because the Foundation has no ties to New York relating to the claims in this lawsuit.

Plaintiffs allege jurisdiction solely under section 302(a)(3)(ii) of New York's long-arm statute. *See* Complaint Paras. 37 (alleging that the Foundation "should reasonably [have] expected" that their alleged contributions to infringing activity "would have consequences in New York"), 40. Under section 302(a)(3)(ii), a court may exercise personal jurisdiction where the defendant (i) commits a tortious act outside New York (ii) that causes injury in New York, (iii) the defendant expects or should reasonably foresee its act will have consequences in New York, and (iv) the defendant derives substantial revenue from interstate or international commerce.

According to Plaintiffs, the Foundation's purportedly "tortious" out-of-state actions are its charitable donations to the Internet Archive, a non-profit organization accused of infringing Plaintiffs' copyrights in certain recorded music. *See, e.g.*, Complaint Paras. 11, 37, 49, 75, 76, 173. This is too attenuated to the alleged infringement to satisfy the long-arm statute. *See* § 302(a)(3) ("… commits a tortious act without the state *causing* injury…" (emphasis added)). To the extent the Foundation has donated to the Internet Archive, it has only ever done so for "**general support*.*"  The Internet Archive likely uses "general support" funds for *many* of its programs. The Foundation has never earmarked donations to the Internet Archive for the

The Honorable Lorna G. Schofield
October 4, 2023
Page 2

Great78 Project, the only program at issue in this lawsuit.  Moreover, based on publicly-available filings, any support from the Foundation ultimately remitted to the Internet Archive for "general support" is only a *small fraction* of the Internet Archive's total funding.  The Foundation does not control the Internet Archive's activities or have a say in its operations, and it does not dictate how donations made for "general support" are spent.  In short, the link between "general support" funds from the Foundation and the specific conduct at issue in this case is too thin to constitute the requisite "proximate cause" to satisfy the long-arm statute.  *See Tri-Coastal Design Group, Inc. v. Merestone Merchandise, Inc.*, No. 05-CIV. 10633(HB), 2006 WL 1167864, at *4 (S.D.N.Y. May 3, 2006) (quotation omitted) (no proximate cause where activity not "so close to the injury that reasonable people would regard it as *a cause of the injury*" (emphasis added)).

Relatedly, any claimed injury that occurred in New York was not "foreseeable" to the Foundation given the Foundation's lack of control over how the Internet Archive used its funds. *Levans v. Delta Airlines, Inc.*, 988 F. Supp. 2d 330, 339-40 (E.D.N.Y. 2013) (holding that jurisdiction does not lie based on "decisions made by others").  Rather, the law requires "discernible effort" by a defendant "to directly or indirectly serve the New York market" before jurisdiction will lie.  *See Spin Master Ltd. v. 158, et al.*, 463 F. Supp. 3d 348, 366 (S.D.N.Y. 2020) (no "discernible effort" where no allegations defendants made sales to New York or otherwise targeted New York).  Here, Plaintiffs have not alleged that the Foundation does **_any_** business in New York related to the claims in the Complaint.  Nor could they.  The Foundation is a private charitable foundation with three board members who determine—collectively, as a board—how much and when to donate.  The Foundation supports a variety of organizations, the overwhelming majority of which are located in the San Francisco Bay Area. To the extent any of its grantees have ever had any connection to New York at all, none is relevant to this lawsuit. *See id.*

The Foundation also does not "derive[] substantial revenue from interstate or international commerce" under the meaning of the long-arm statute.  Simply put, the Foundation is not a business that generates sales revenue:  It is a charitable foundation whose capital investments do not constitute revenue under section 302(a)(3)(ii).  *Ziegler, Ziegler & Assocs. LLP v. China Digital Media Corp.*, No. 05 CV 4960 (LAP), 2010 WL 2835567, at *5 (S.D.N.Y. July 13, 2010) ("There is no cognizable authority or other persuasive argument to indicate that investment capital should constitute revenue from interstate or international commerce within the plain meaning of section 302(a)(3)(ii)." (cleaned up)).  Moreover, the Foundation has been unable to locate a single authority in the Second Circuit where donations from a state other than the incorporating state of a non-profit satisfied section 302(a)(3)(ii).

The Foundation does not meet the requirements of section 302(a)(3)(ii), and the Court's personal jurisdiction inquiry can—and should—end there.  *See Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (". . . analysis under Due Process principles is not necessary unless there is long-arm jurisdiction. . .").  Plaintiffs also, however, can allege no facts showing the Foundation has the requisite "minimum contacts" with New York to give rise to specific jurisdiction.  The Foundation has not "purposefully availed" itself of doing business in New York such that it could foresee being hailed into court in this forum.  Plaintiffs can make no colorable argument that the Foundation is subject to general jurisdiction.  *See Brown v. Lockheed*

*Martin Corp.*, 814 F. 3d 619, 629 (2d Cir. 2016) (no general jurisdiction where not "essentially at home").

Amendment is futile, as there are no possible facts Plaintiffs can allege to manufacture the requisite ties between the Foundation and New York to satisfy New York's long-arm statute, much less Constitutional requirements of "minimum contacts" and "reasonableness." Plaintiffs should amend their Complaint to remove the Foundation from the case altogether, but, if they will not, the Court should allow the Foundation to brief the question of the court's jurisdiction over it.

**Dismissal Under Rule 12(b)(6).** Even if the Court determines that it has jurisdiction over the Foundation—it should not—dismissal is still warranted under Rule 12(b)(6) because Plaintiffs have insufficiently alleged (i) the Foundation's knowledge of the alleged infringement and (ii) that the Foundation induced, caused, or materially contributed to the infringement.

Contributory infringement requires allegations concerning "more than a mere *quantitative* contribution to the primary infringement." *Faulkner v. Nat'l Geographic Soc'y*, 211 F. Supp. 2d 450, 473 (S.D.N.Y. 2002), *aff'd* 409 F.3d 26 (2d Cir. 2005) (emphasis added). Indeed, "assistance must bear a *direct* relationship to the infringing acts, and the contributory infringer must have acted *in concert* with the direct infringer." *Id.* at 473-74 (emphasis added).

Here, Plaintiffs' allegations concerning contributory infringement by the Foundation are entirely conclusory. *See* Complaint Paras. 37, 76, 169-173. What's more, their theory of liability against the Foundation hangs solely on Plaintiff's allegations concerning the Foundation's historical donations to the Internet Archive, as well as Mr. Kahle's affiliation with both the Internet Archive and the Foundation. This is insufficient to allege contributory infringement. *See Gym Door Repairs, Inc. v. Young Equipment Sales, Inc.*, 206 F. Supp. 3d 869, 898 (S.D.N.Y. 2016) (allegations that party provided the means are insufficient to give rise to contributory infringement). Where, as here, Plaintiffs have not alleged *and cannot allege* that the Foundation controls the activities of the Internet Archive or the ways in which it used its many donations, their allegations are inadequate to support a claim for contributory infringement. *See BWP Media USA Inc. v. Hollywood Fan Sites, LLC*, 69 F. Supp. 3d 342, 356-57 (S.D.N.Y. 2014), citing *Wolk v. Kodak Imaging Network*, 840 F. Supp. 2d 724, 750 (S.D.N.Y. 2012) (noting the participation of the contributory infringer must be "substantial"). Plaintiffs also have not alleged facts sufficient to give rise to a reasonable inference that Mr. Kahle's connection to the Internet Archive somehow establishes knowledge by the Board of the Foundation, which, again, is independent from the Internet Archive. *See Hartmann v. Amazon.com, Inc.*, No. 20-civ.-4928-PAE, 2021 WL 3683510, at *7 (S.D.N.Y. Aug. 19, 2021) (dismissing contributory infringement claim where complaint failed to plausibly assert Amazon had reason to know of the alleged infringement). Finally, Plaintiff's contributory infringement arguments that are predicated on *any* purported infringing acts that occurred prior to August 11, 2020 are barred by the statute of limitations. *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014). If Plaintiffs do not consent to strike their contributory infringement allegations against the Foundation, the Court should afford the Foundation leave to fully brief the

The Honorable Lorna G. Schofield<br>
October 4, 2023<br>
Page 4

deficiencies of these allegations (including but not limited to the arguments raised here) and the futility of amendment.

The Foundation proposed the following briefing schedule:

November 3, 2023 for a motion to dismiss for lack of personal jurisdiction
November 27, 2023 for opposition
December 11, 2023 for reply
Hearing at the Court's convenience
Deadline for filing a motion to dismiss for failure to state a claim to be set after resolving personal jurisdiction motion as necessary

Sincerely,

Jesse Lanier

cc:   All Counsel