

Corey Miller
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.480.2999
corey@oandzlaw.com

**DELIVERED VIA ECF**

October 11, 2023

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:  *UMG Recordings, Inc., et al. v. Internet Archive, et al.*, 1:23-cv-07133 (LGS)
            **Plaintiffs' Response to Internet Archive, Kahle, Blood, and George Blood L.P.'s Pre-Motion Letter**

Dear Judge Schofield:

On behalf of Plaintiffs, we write to oppose Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood L.P.'s Pre-Motion Letter requesting leave to file motions to dismiss.

### I. The Court has personal jurisdiction over Kahle, Blood, and George Blood L.P.

Not only do Defendants fail to cite to any law to support their claimed lack of personal jurisdiction, but they also fail to cite the directly contrary authority that holds that there is personal jurisdiction over them.

By virtue of their knowing and material contributions to Internet Archive's infringement in New York, Kahle, Blood, and George Blood L.P. ("GBLP") have subjected themselves to jurisdiction in New York. The Complaint alleges that Internet Archive "distributes and performs publicly by means of a digital audio transmission Plaintiffs' protected sound recordings to users of its website in New York," and that, "[s]ince the beginning of 2020, New York residents have downloaded or streamed recordings from the Great 78 Project more than 500,000 times, making New York the state with the second-most total downloads and streams in that time." Compl. ¶ 37. In light of these allegations, Internet Archive wisely does not challenge jurisdiction in New York.

As Internet Archive's Founder, Chief Executive, and Chair of the Board, Kahle involved himself deeply in overseeing and managing Internet Archive's infringement in New York. *Id.* ¶¶ 70-73. Blood and GBLP illegally reproduced Plaintiffs' protected sound recordings for Internet Archive, while knowing and intending that Internet Archive would illegally distribute and publicly perform those copies, including in New York. *Id.* ¶¶ 37, 48-49, 90-92. Accordingly, Kahle, Blood, and George Blood L.P. expected or should reasonably have expected their illegal conduct to cause harm in New York. *Gucci Am., Inc. v. Frontline Processing Corp.*, 721 F. Supp. 2d 228, 243-44 (S.D.N.Y. 2010) (holding that payment processors for online infringer "knew that their services would be used by customers from any state who accessed the [infringer's] website, and should have known that 'any state' would include New York.").

Courts have repeatedly held that this kind of knowing contribution to another's infringement in New York subjects the contributory infringer to jurisdiction in New York. *Stewart v. adidas AG*, No. 96 CIV. 6670 (DLC), 1997 WL 218431, at *6 (S.D.N.Y. Apr. 30, 1997) (sustaining personal jurisdiction over a German affiliate of a domestic direct infringer where "adidas America did sell allegedly infringing goods in New York. Insofar as adidas A.G. is vicariously or contributorily responsible for those sales, it is subject to personal jurisdiction . . . ."); *Gucci*, 721 F. Supp. 2d at 243 (S.D.N.Y. 2010) (sustaining jurisdiction over payment processors who provided services to a website that sold counterfeit goods and finding that the payment processors "expected or should have expected that their business relationships with companies like [the infringer] . . . would have consequences in New York . . . ."); *Blue Ribbon Pet Prod., Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F. Supp. 2d 454, 460 (E.D.N.Y. 1999) (holding that "Hagen Canada's out-of-state acts contributed to or induced Hagen USA's infringement . . . within New York and are sufficient to subject it to personal jurisdiction in New York"). The same conduct satisfies § 302(a)(3) of the New York long-arm statute: by knowingly contributing to Internet Archive's infringement in New York, Kahle, Blood, and George Blood L.P. committed tortious acts outside New York that caused injury in New York.

Additionally, New York has jurisdiction over Kahle by virtue of his direct involvement in and oversight of Internet Archive's infringing activities. Compl. ¶ 39. "Under New York law, if a corporation has sufficient in-state contacts to fall subject to personal jurisdiction, then a corporate officer who has played a part in the corporate activities that gave rise to the action is likewise subject to jurisdiction, to the extent that due process permits." *Henao v. Parts Auth., LLC*, 557 F. Supp. 3d 490, 497 (S.D.N.Y. 2021) (internal quotation marks omitted) (Schofield, J.)

## II. Transfer of venue is not warranted.

Defendants cannot carry the heavy burden of overcoming the substantial deference to Plaintiffs' choice of forum. On a motion to transfer venue, "the burden rests on the moving party to make a clear and convincing showing that transfer under Section 1404(a) is proper." *Atl. Recording Corp. v. Project Playlist, Inc.*, 603 F. Supp. 2d 690, 695 (S.D.N.Y. 2009) (internal quotations omitted). The Second Circuit has held that "a plaintiff's choice of forum is presumptively entitled to substantial deference . . . and unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed." *Gross v. Brit. Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004) (internal quotation marks and citations omitted). "That presumption is even stronger where the chosen forum is also the plaintiff's home." *Atl. Recording Corp.*, 603 F. Supp. 2d at 698 (citing *Pollux Holding, Ltd. v. Chase Manhattan Bank,* 329 F.3d 64, 71 (2d Cir. 2003)). That applies here: Plaintiffs Sony Music Entertainment and Arista Music have their headquarters and principal places of business in this District. Compl. ¶¶ 22-23.

Defendants' letter fails to mention this presumption and hardly addresses any of the other factors courts consider in determining whether transfer is appropriate. *See Amarachukwu Ekeoma v. City of New York*, 2023 WL 1995984, at *3-4 (S.D.N.Y. Jan. 26, 2023) (Schofield, J.) (listing 10 factors). Defendants' primary argument for transfer is that all of the Defendants will agree to jurisdiction in California, while they are contesting jurisdiction in New York. But, as shown above, New York has jurisdiction over all defendants. Defendants do not mention convenience,

typically one of the most important factors, and for good reason—Defendants Blood and GBLP are located in Philadelphia, which is virtually a suburb of New York compared to California.

### III. There is no basis to dismiss any claims under the statute of limitations.

It is well-settled law that "a complaint can be dismissed for failure to state a claim on the basis of the statute of limitations only "if the defense appears on the face of the complaint." *Thea v. Kleinhandler*, 807 F.3d 492, 501 (2d Cir. 2015). Plaintiffs asserted claims for 2,749 works in suit. Compl. Ex. A. Defendants do not and cannot identify anything in the Complaint showing that claims for any of these works are barred by the statute of limitations. Defendants point only to a letter sent to Internet Archive in July 2020 generally putting Internet Archive on notice of infringement, without reference to specific recordings. But the fact that infringement was occurring before July 2020 generically does not establish that no infringement occurred after that point. Infringements within the limitations period are discrete acts, the claims for which are not barred by prior infringements outside the limitations period. *Petrella v. MGM*, 572 U.S. 663, 672 (2014) ("[W]hen a defendant commits successive violations, the statute of limitations runs separately from each violation. . . . [E]ach infringing act starts a new limitations period. ."). There is no basis to dismiss.

### IV. Briefing schedule

The Foundation must file all motions to dismiss at the same time. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). Defendants proposed a briefing schedule without conferring with Plaintiffs. The Parties have since conferred, and jointly propose the following schedule:[1] Defendants file all motions to dismiss on November 3; Plaintiffs file their Opposition on December 1; Defendants file their Reply on December 15.

Respectfully submitted,

*/s/ Corey Miller*
Corey Miller
Matthew J. Oppenheim
Danae Tinelli

*Counsel for Plaintiffs*

---

[1] Plaintiffs reserve the right to seek jurisdictional and/or venue discovery depending on the materials Defendants submit with their motions. That discovery may alter this schedule.