

Corey Miller
4530 Wisconsin Ave, NW, Suite 5
Washington, DC 20016
Tel. 202.480.2999
corey@oandzlaw.com

**DELIVERED VIA ECF**

October 11, 2023

Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

**Re: *UMG Recordings, Inc., et al. v. Internet Archive, et al.*, 1:23-cv-07133 (LGS)**
**Plaintiffs' Response to the Kahle-Austin Foundation's Pre-Motion Letter**

Dear Judge Schofield:

On behalf of Plaintiffs, we write to oppose Defendant Kahle-Austin Foundation's (the "Foundation") Pre-Motion Letter requesting leave to file motions to dismiss.

## I. The Court has personal jurisdiction over the Foundation.

The Foundation is a nonprofit corporation organized under the laws of Washington with offices in Maine and San Francisco. Compl. ¶ 30. Defendant Brewster Kahle and his wife established the Foundation and provide nearly all of its funding, and Kahle is the Foundation's President. *Id*. ¶¶ 31, 75-76. Kahle is also Defendant Internet Archive's Founder, Chief Executive, and Chair of the Board. Compl. *Id.* ¶ 31.

By its knowing and material contributions to Internet Archive's infringement in New York, the Foundation has subjected itself to jurisdiction in New York. The Complaint alleges that Internet Archive "distributes and performs publicly by means of a digital audio transmission Plaintiffs' protected sound recordings to users of its website in New York," and that, "[s]ince the beginning of 2020, New York residents have downloaded or streamed recordings from the Great 78 Project more than 500,000 times, making New York the state with the second-most total downloads and streams in that time." *Id.* ¶ 37. Kahle directly oversaw and managed Internet Archive's infringing activity, and was well aware that activity was illegal. *Id.* ¶¶ 70-73, 77-86. At Kahle's direction, the Foundation donated funds to Internet Archive, which Internet Archive used, also at Kahle direction, to pay costs associated with Internet Archive's infringement. *Id.* ¶¶ 75-76. Indeed, Internet Archive itself touts the Foundation's critical role in its infringement: its webpages for each of the thousands of infringing sound recordings at issue name the Foundation as the "Digitizing Sponsor." *Id.* ¶¶ 49, 76.

Courts have repeatedly held that knowingly contributing to another's infringement in New York subjects the contributory infringer to jurisdiction in New York. *Stewart v. adidas AG*, No. 96 CIV. 6670 (DLC), 1997 WL 218431, at *6 (S.D.N.Y. Apr. 30, 1997) (sustaining personal jurisdiction over German affiliate of domestic direct infringer where "adidas America did sell allegedly infringing goods in New York. Insofar as adidas A.G. is vicariously or contributorily responsible for those sales, it is subject to personal jurisdiction . . . ."); *Gucci*, 721 F. Supp. 2d at

243 (S.D.N.Y. 2010) (sustaining jurisdiction over payment processors who provided services to a website that sold counterfeit goods where defendants "expected or should have expected that their business relationships with companies like [the infringer] . . . would have consequences in New York . . . ."); *Blue Ribbon Pet Prod., Inc. v. Rolf C. Hagen (USA) Corp.*, 66 F. Supp. 2d 454, 460 (E.D.N.Y. 1999) (holding that "Hagen Canada's out-of-state acts contributed to or induced Hagen USA's infringement . . . within New York and are sufficient to subject it to personal jurisdiction in New York"). The same conduct satisfies § 302(a)(3) of the New York long-arm statute: by knowingly contributing to Internet Archive's infringement in New York, the Foundation committed tortious acts outside New York that caused injury in New York.

On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the Court must "assume the truth of the plaintiff's factual allegations . . . ." *Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 85 (2d Cir. 2013). But the Foundation's challenge to jurisdiction relies on facts that are at odds with the Complaint's allegations. For example, the Foundation's assertion that it "does not control the Internet Archive's activities or have a say in its operations," Ltr. 2, contests Plaintiffs' allegations that Brewster Kahle controls both the Foundation's and Internet Archive's operations. At this stage, however, Plaintiffs' allegations must be credited as true.

Asserting personal jurisdiction over the Foundation also satisfies CPLR § 302(a)(3)(ii), which requires that a defendant "derive substantial revenue from interstate or international commerce." This requirement "is designed to narrow the long-arm reach to preclude the exercise of jurisdiction over nondomiciliaries who might cause direct, foreseeable injury within the State but whose business operations are of a local character." *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 215 (N.Y. 2000) (internal quotation marks and citations omitted). The Foundation's operations are not of a local character; to the contrary, the Foundation is a Washington corporation with offices in Maine and San Francisco. Compl. ¶ 30. *See LaMarca*, 95. N.Y.2d at 215 ("A Texas corporation with a manufacturing facility in Virginia is inherently engaged in interstate commerce."). And the Foundation derives substantial revenue from interstate commerce; as alleged in the Complaint, the Foundation has assets of upwards of $100 million invested in dozens of securities traded on international markets and has received large donations from outside its home state. Compl. ¶¶ 38, 40.

The upshot of the Foundation's argument is that, so long as a non-profit foundation does not sell goods or services, it can *never* be subject to jurisdiction under CPLR § 302(a)(3)(ii), regardless of its size, geographic reach, sources of funds, or the harm it foreseeably causes in New York. None of the cases the Foundation cites involve a non-profit foundation, let alone dictate that extreme outcome.

## II. Plaintiffs have adequately pled that the Foundation knowingly and materially contributes to Internet Archive's infringement.

The Foundation's assertion that "Plaintiffs have not alleged *and cannot allege* that the Foundation controls the activities of the Internet Archive or the ways in which it used its many donations," Ltr. 3, mischaracterizes both the applicable law and Plaintiffs' allegations. Plaintiffs need not allege that the Foundation *controls* Internet Archive's infringement; rather, to plead contributory liability, it suffices to allege that the Foundation "is part of, encourages, or assists the

infringement." *EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79, 100 (2d Cir. 2016). Plaintiffs meet that standard by alleging that the Foundation acted as the "Digitizing Sponsor" for Internet Archive's infringement. Compl. ¶¶ 49, 76; *see Capitol Recs., Inc. v. MP3tunes, LLC*, 48 F. Supp. 3d 703, 713 (S.D.N.Y. 2014), *aff'd in part, rev'd in part on other grounds, and remanded sub nom. EMI Christian Music Grp., Inc. v. MP3tunes, LLC*, 844 F.3d 79 (2d Cir. 2016) ("Plaintiffs also proved Robertson contributed to the users' infringement by (1) funding the site and facilities for the infringing activity. . . ."); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 264 (2d Cir. 1996) ("[P]roviding the site and facilities for known infringing activity is sufficient to establish contributory liability."). The Foundation's assertions that it provided only "general support" and never "earmarked donations," Ltr. 1-2, contradict the Complaint's allegations and cannot be credited at this stage. *Stralia Mar. S.A. v. Praxis Energy Agents DMCC*, 431 F. Supp. 3d 366, 370 (S.D.N.Y. 2019) (Schofield, J.) ("In evaluating the sufficiency of a complaint, a court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party . . . ." ).

In addition, Plaintiffs have alleged that the Foundation exercises effective control over Internet Archive, because Brewster Kahle controls both the Foundation and Internet Archive. Compl. ¶¶ 75-76. In claiming it is "independent,' Ltr. 3, the Foundation disputes the Complaint's factual allegations, which must be accepted as true. Similarly, Kahle has the requisite knowledge for contributory liability, *see* Compl. ¶¶ 70-73, and the Foundation thereby does as well due to Kahle's involvement in the Foundation. The Foundation only emptily asserts its "independence," but cannot explain how lacks knowledge of infringement when Kahle directs its activities.

**III. Briefing schedule**

The Foundation must file all motions to dismiss at the same time. *See* Fed. R. Civ. P. 12(g)(2) ("[A] party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion."). The Foundation proposed a briefing schedule without conferring with Plaintiffs. The Parties have since conferred, and jointly propose the following schedule:[1] the Foundation files all motions to dismiss on November 3; Plaintiffs file their Opposition on December 1; Defendants file their Reply on December 15.

Respectfully submitted,

*/s/ Corey Miller*
Corey Miller
Matthew J. Oppenheim
Danae Tinelli

*Counsel for Plaintiffs*

[1] Plaintiffs reserve the right to seek jurisdictional discovery depending on the materials the Foundation submits with its motion. That discovery may alter this schedule.