**Alli Stillman**
Direct Dial: +1.212.906.1747
alli.stillman@lw.com

1271 Avenue of the Americas
New York, New York 10020-1401
Tel: +1.212.906.1200 Fax: +1.212.751.4864
www.lw.com

LATHAM & WATKINS LLP

FIRM / AFFILIATE OFFICES
Austin, Beijing, Boston, Brussels, Century City, Chicago, Dubai, Düsseldorf, Frankfurt, Hamburg, Hong Kong, Houston, London, Los Angeles, Madrid, Milan, Munich, New York, Orange County, Paris, Riyadh, San Diego, San Francisco, Seoul, Shanghai, Silicon Valley, Singapore, Tel Aviv, Tokyo, Washington, D.C.

October 4, 2023

**VIA ECF**

The Honorable Lorna G. Schofield
U.S. District Court for the Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, NY 10007

Re: *UMG Recordings, Inc., et al. v. Internet Archive, et al.*, No. 1:23-cv-7133
Defendants Internet Archive, Kahle, Blood, and George Blood L.P.'s Pre-Motion Letter

Dear Judge Schofield:

Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood L.P. ("GBLP") submit this pre-motion letter in compliance with the Court's September 28, 2023, Order and Rules III.A.1 and III.C.2 of the Court's Individual Rules and Procedures for Civil Cases.

This group of Defendants intends to bring three motions.[1] *First*, Defendants Kahle, Blood, and GBLP plan to move to dismiss for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *Second*, Defendants Internet Archive, Kahle, Blood, and GBLP plan to move to transfer venue pursuant to 28 U.S.C. § 1404(a). *Third*, Defendants Internet Archive, Kahle, Blood, and GBLP plan to move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Because granting either of the first two motions would obviate the need for the third in this forum for at least three of the Defendants, and because granting the second motion would require re-briefing the third in a new forum with different governing law, these Defendants respectfully request that the Court sequence the timing of the motions, such that the third is to be filed only if necessary after the first two have been addressed by the Court.

**1. The Court lacks personal jurisdiction over Defendants Kahle, Blood, and GBLP.** Defendants Kahle, Blood, and GBLP plan to move to dismiss for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2). The gravamen of the problem here is that these Defendants, and the wrongful conduct they are alleged to have engaged in, have essentially nothing to do with the state of New York. The Complaint asserts personal jurisdiction over Defendant Internet Archive on the basis that it operates an internet site that people in New York have used to access allegedly infringing content. But it contains essentially no allegations at all concerning

[1] Defendant Kahle/Austin Foundation is filing a separate pre-motion letter on its own behalf describing the basis of its anticipated motion(s). Defendants reserve the right to join any motion by Kahle/Austin Foundation, and vice versa.

connections between New York and these other three Defendants. The theory is evidently that they are subject to personal jurisdiction here because, by virtue of conduct they engaged in outside New York, they are secondarily liable for copyright infringements allegedly committed by Internet Archive in the state of New York. But that theory runs afoul of both the operative long-arm statute, and federal due process principles. *See Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208-09 (2d Cir. 2001); *AmTrust Fin. Servs., Inc. v. Lacchini*, 260 F. Supp. 3d 316, 326-29, 332, 334 (S.D.N.Y. 2017). There is no basis in the law to subject defendants in California (Kahle) and Pennsylvania (Blood and GBLP) to jurisdiction in New York based on a theory that they engaged in conduct out-of-state that makes them secondarily liable for infringements by another actor in-state.

**2. The Court should transfer this case to the Northern District of California.** All four Defendants represented by signatory counsel here—Internet Archive, Kahle, Blood, and GBLP—plan to move to transfer venue to the Northern District of California pursuant to 28 U.S.C. § 1404(a). *First*, the Northern District of California is an appropriate venue because Defendants Internet Archive and Kahle are subject to general personal jurisdiction in California, *see Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014), and Defendants Blood and GBLP stipulate that they are subject to personal jurisdiction in California for these claims, *see Brown v. Lockheed Martin Corp.*, 814 F.3d 619, 625 (2d Cir. 2016). Moreover, the Northern District of California is a more appropriate venue because that District is both "a judicial district in which any defendant resides" (i.e., Internet Archive and Kahle), and "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." 28 U.S.C. § 1391(b)(1)-(2). *Second*, the § 1404(a) factors, on balance, support transfer to the Northern District of California here. *See N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Most importantly, the "location of operative events"—the "primary factor" when considering a motion to transfer—is in the Northern District of California. *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 745 (S.D.N.Y. 2013) (citation omitted). No one contends that the Great 78 Project was conceived or executed in New York; everyone agrees that it is a project involving Internet Archive, which is based in San Francisco. *Third*, the prudence of transferring this case to California is only underscored by the significant doubts as to personal jurisdiction over multiple Defendants here. Indeed, other courts in this district have acknowledged that a motion to dismiss for lack of personal jurisdiction and a motion to transfer are closely interrelated. *See, e.g.*, *Enigma Software Grp. USA, LLC v. Malwarebytes Inc.*, 260 F. Supp. 3d 401, 408-09 (S.D.N.Y. 2017).

**3. Plaintiffs' Complaint should be dismissed because its allegations are time-barred.** To the extent the Court concludes it has personal jurisdiction over these Defendants and declines to transfer this case to the Northern District of California, Defendants Internet Archive, Kahle, Blood, and GBLP plan to move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). The Copyright Act's three-year statute of limitations "bars relief of any kind for conduct occurring prior to the three-year period." *Petrella v. Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663, 667 (2014); *see* 17 U.S.C. § 507(b). That "limitations period generally begins to run at the point when 'the plaintiff can file suit and obtain relief,'" i.e., "when an infringing act occurs." *Petrella*, 572 U.S. at 670 (citation omitted). Thus, Plaintiffs may seek relief for infringing acts "running only three years back from the date the complaint was filed," *id.* at 672—i.e., on or after August 11, 2020. As the Complaint itself makes clear, however, many (if not most) of

LATHAM & WATKINS LLP

Defendants' alleged acts of infringement predate August 2020. *See, e.g.*, Compl. ¶ 80 (alleging Great 78 Project infringement that predates July 22, 2020). For that reason, any claims premised on alleged acts of infringement that predate August 11, 2020, are time-barred and must be dismissed. *See In re Merrill Lynch Auction Rate Sec. Litig.*, 758 F. Supp. 2d 264, 274 (S.D.N.Y. 2010) ("A statute of limitations defense may be raised by way of a motion to dismiss if the defense appears on the face of the complaint.").

* * *

Defendants Internet Archive, Kahle, Blood, and GBLP propose the following briefing schedule for these motions:

- Deadline for filing motions to dismiss for lack of personal jurisdiction and to transfer venue: November 3, 2023
- Deadline for filing opposition: November 27, 2023
- Deadline for filing reply: December 11, 2023
- Hearing date: At the Court's convenience
- Deadline for filing motion to dismiss for failure to state a claim: To be set after resolving personal-jurisdiction and transfer motions (if necessary)[2]

Respectfully submitted,

*/s/ Allison L. Stillman*

Allison L. Stillman
LATHAM & WATKINS LLP
1271 Avenue of the Americas
New York, NY 10020
Tel: (212) 906-1200
Fax: (212) 751-4864

Andrew M. Gass (*pro hac vice*)
LATHAM & WATKINS LLP
505 Montgomery Street
Suite 2000
San Francisco, CA 94111
Tel: (415) 391-0600
Fax: (415) 395-8095

[2] To the extent the Court concludes that a Rule 12(b)(6) motion should not be deferred, Defendants Internet Archive, Kahle, Blood, and GBLP propose the same briefing schedule for that motion as for their personal-jurisdiction and transfer motions.

Dennis Mai
LATHAM & WATKINS LLP
12670 High Bluff Drive
San Diego, CA 92130
Tel: (858) 523-5400
Fax: (858) 523-5450

*Attorneys for Defendants Internet Archive, Brewster Kahle, George Blood, and George Blood L.P.*

cc: All Counsel of Record (via ECF)