# EXHIBIT 1

*UMG Recordings, Inc. et al. v. Internet Archive et al.*
23-cv-7133 (LGS) (S.D.N.Y.)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| UMG RECORDINGS, INC, CAPITOL RECORDS, LLC, CONCORD BICYCLE ASSETS, LLC, CMGI RECORDED MUSIC ASSETS LLC, SONY MUSIC ENTERTAINMENT, and ARISTA MUSIC<br><br>Plaintiffs,<br><br>v.<br><br>INTERNET ARCHIVE, BREWSTER KAHLE, KAHLE/AUSTIN FOUNDATION, GEORGE BLOOD, and GEORGE BLOOD, L.P.<br><br>Defendants. | Civil Action No. 23-cv-7133 (LGS) |

**PLAINTIFFS' INITIAL DISCLOSURES**

Pursuant to the Court's Case Management and Scheduling Order, ECF No. 45, and Federal Rule of Civil Procedure 26(a)(1), Plaintiffs UMG Recordings, Inc. ("UMG"), Capitol Records, LLC ("Capitol Records" and with UMG, "Universal"), Concord Bicycle Assets, LLC ("CBA"), CMGI Recorded Music Assets LLC ("CMGI" and with CBA, "Concord"), Sony Music Entertainment ("SME"), and Arista Music ("Arista Music" and with SME, "Sony") make the following initial disclosures to Defendants Internet Archive, Brewster Kahle ("Kahle"), the Kahle/Austin Foundation (the "Foundation"), George Blood ("Blood"), and George Blood LP ("GBLP") (collectively, "Defendants").

## INTRODUCTION

1. These Disclosures are made upon information presently known by Plaintiffs and without prejudice to Plaintiffs' right to produce during discovery or trial, or right to use before or

during trial, additional data, information, or documents that are: (i) subsequently discovered; (ii) subsequently determined to be relevant to the parties' claims and defenses; or (iii) subsequently determined to have been omitted from this or any supplemental or amended disclosure statement.

2. Plaintiffs also expressly reserve all objections to the use of these Disclosures or any of the information or documents found or referenced herein for any purpose in this case or any other proceeding. By referring to individuals and documents in the initial disclosure process, Plaintiffs make no representations regarding the relevance of any particular information they may possess. In addition, by identifying individuals and documents as part of the initial disclosure process, Plaintiffs do not waive their right to object to any future discovery requests in this case on any basis.

3. Plaintiffs reserve the right to supplement or amend these Disclosures at any time pursuant to Federal Rule of Civil Procedure 26, and this Court's Local Rules and any applicable standing orders or practices.

## DISCLOSURES

**(A) The name and, if known, the address of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

| NAME | ADDRESS | SUBJECT |
|---|---|---|
| Alasdair McMullan, Universal | May be reached through counsel for Plaintiffs. | Universal's ownership of Universal's protected sound recordings; Universal's filing of indices of Universal's protected pre-1972 sound recordings with the Copyright Office; the harm caused by Defendants' infringement; the need and efforts to deter infringement. |
| Patrick Kraus, Universal | May be reached through counsel for Plaintiffs. | The creation and preservation of Universal's protected sound recordings; the significance of |

| | | |
|---|---|---|
| | | Universal's protected sound recordings. |
| Ken Druker, Universal | May be reached through counsel for Plaintiffs. | The exploitation, distribution, and licensing of Universal's protected sound recordings; the significance of Universal's protected sound recordings; the harm caused by Defendants' infringement. |
| Wade Leak, Sony | May be reached through counsel for Plaintiffs. | Sony's ownership of Plaintiffs' protected sound recordings; Sony's filing of indices of Sony's protected pre-1972 sound recordings with the Copyright Office; the need and efforts to deter infringement. |
| Tom Tierney, Sony | May be reached through counsel for Plaintiffs. | The creation and preservation of Sony's protected sound recordings; Sony's ownership of Sony's protected sound recordings; the significance of Sony's protected sound recordings. |
| Colleen O'Connell, Sony, or other representative of Sony | May be reached through counsel for Plaintiffs. | The exploitation, distribution, and licensing of Sony's protected sound recordings; the harm caused by Defendants' infringement. |
| Jessica Shaw, Sony, or other representative of Sony | May be reached through counsel for Plaintiffs. | The exploitation, distribution, and licensing of Sony's protected sound recordings; the harm caused by Defendants' infringement. |
| Gregg Goldman, Concord | May be reached through counsel for Plaintiffs. | The creation, exploitation, distribution, licensing, and preservation of Concord's protected sound recordings; Concord's ownership of Concord's protected sound recordings; Concord's filing of indices of Concord's protected pre-1972 sound recordings with the Copyright Office; the significance of Concord's protected sound recordings; the harm caused by Defendants' |

| | | |
|---|---|---|
| | | infringement; the need and efforts to deter infringement. |
| Brewster Kahle | 513B Simonds Loop, San Francisco, CA 94129-1787 | Defendants' infringement of Plaintiffs' protected sound recordings; Internet Archive's knowledge of infringement of Plaintiffs' protected sound recordings; Kahle's and the Foundation's knowledge of and contribution to Internet Archive's infringement of Plaintiffs' protected sound recordings. |
| Jeff Kaplan | c/o Internet Archive, 300 Funston Avenue, San Francisco, CA 94118. | Internet Archive's understanding of the Music Modernization Act. |
| Mary Austin | 513B Simonds Loop, San Francisco, CA 94129-1787 | The Kahle/Austin Foundation's knowledge of and contribution to Internet Archive's infringement of Plaintiffs' protected sound recordings. |
| Jeff Ubois | 513B Simonds Loop, San Francisco, CA 94129-1787 | The Kahle/Austin Foundation's knowledge of and contribution to Internet Archive's infringement of Plaintiffs' protected sound recordings. |
| George Blood | c/o GBLP., 21 W Highland Avenue, Philadelphia, PA 19118. | Blood's infringement of Plaintiffs' protected sound recordings; Blood's knowledge of GBLP and Internet Archive's infringement of Plaintiffs' protected sound recordings; Blood's right and ability to supervise GBLP's infringement of Plaintiffs' protected sound recordings; Blood's direct financial benefit from GBLP's infringement of Plaintiffs' protected sound recordings. |
| Internet Archive employees unknown to Plaintiffs | c/o Internet Archive, 300 Funston Avenue, San Francisco, CA 94118. | Internet Archive's infringement of Plaintiffs' protected sound recordings; Internet Archive's knowledge of infringement of Plaintiffs' protected sound recordings. |

| | | |
|---|---|---|
| GBLP employees unknown to Plaintiffs | c/o GBLP., 21 W Highland Avenue, Philadelphia, PA 19118. | GLBP's infringement of Plaintiffs' protected sound recordings; GBLP's knowledge of Internet Archive's infringement of Plaintiffs' protected sound recordings; GBLP's contribution to Internet Archive's infringement of Plaintiffs' protected sound recordings. |

Plaintiffs reserve the right to rely on any persons or entities identified in Defendants' Initial Disclosures (and any supplements or amendments thereto); any persons or entities identified in any party's discovery responses; and any person or entity deposed in this action. Plaintiffs' investigation is ongoing, and, as such, there may be others who have information relevant to Plaintiffs' claims and defenses, but whom Plaintiffs have not specifically identified at this time; Plaintiffs reserve the right to supplement or amend this identification of persons or entities based on information obtained during discovery and/or through its ongoing investigation into the matters relevant to this action.

**(B) A copy—or description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following categories of documents may be used by Plaintiffs to support their claims:

- Copyright Office indices of Plaintiffs' protected sound recordings, agreements with Plaintiffs' recording artists, corporate transactional documents, and/or other documents showing ownership and/or control of Plaintiffs' protected sound recordings;

- Copies of infringing sound recordings that Defendants made and then further distributed and/or publicly performed;

- Documents and data concerning Defendants' infringement of Plaintiffs' protected sound recordings;

- Documents and data concerning Defendants' marketing of their infringement, including posts at the Great 78 twitter account;

- Documents concerning Defendants' knowledge of infringement of Plaintiffs' protected sound recordings;

- Documents concerning the relationships between Internet Archive, Kahle, and the Foundation; between Blood and GBLP; and between Internet Archive and GBLP.

- Documents concerning Defendants' financial benefit as a result of infringement of Plaintiffs' protected sound recordings, including but not limited to documents to be produced by Defendants relating to their financials;

Plaintiffs reserve the right to supplement this list of categories of documents based on information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action.

**(C) A computation of each category of damages claimed by the disclosing party.**

Plaintiffs are entitled to obtain damages to the fullest extent of the law applicable to Defendants' violations of their rights. Plaintiffs are not in a position, at this time, to provide a precise computation of damages because information bearing on the subject of damages—specifically including, but not limited to, the extent of Defendants' infringement, the willfulness of Defendants' infringement, and the financial benefits received in connection therewith, including Defendants' financial documents—is in Defendants' possession, custody, or control or will otherwise be developed during the discovery process. The Advisory Committee that drafted the initial disclosure provisions of Federal Rule of Civil Procedure 26(a)(1)(C) acknowledged that initial disclosures regarding damages may not be feasible in certain cases such as this. *See* Fed. R. Civ. P. 26 Advisory Committee's Notes, 1993 Amendments ("Likewise, a party would not be expected to provide a calculation of damages which . . . depends on information in the possession of another party or person."). Plaintiffs reserve the right to supplement these damages disclosures based on information obtained during discovery and/or through their ongoing investigation into the matters relevant to this action. Plaintiffs also reserve the right to elect to recover statutory damages pursuant to 17. U.S.C. § 504(c).

**(D)** **Any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

Plaintiffs are unaware of any such agreement(s) at this time.

Dated: November 1, 2023

Respectfully submitted,

*/s/ Corey Miller*
Corey Miller
Matthew J. Oppenheim
Danae Tinelli
OPPENHEIM + ZEBRAK, LLP
4530 Wisconsin Avenue, NW, Fifth Floor
Washington, DC 20016
Tel:  202-480-2999
matt@oandzlaw.com
corey@oandzlaw.com
danae@oandzlaw.com

*Counsel for Plaintiffs*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on November 1, 2023, I served the foregoing via electronic mail upon counsel of record.

Dated: November 1, 2023

                        */s/ Corey Miller*