```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
   UMG RECORDINGS, INC., et al.,                             :
                              Plaintiffs,                    :
                                                             :        23 Civ. 7133 (LGS)
                   -against-                                 :
                                                             :        OPINION AND ORDER
   INTERNET ARCHIVE, et al.,                                 :
                              Defendants.                    :
------------------------------------------------------------ X
```

LORNA G. SCHOFIELD, District Judge:

Defendants Internet Archive, Brewster Kahle, Kahle/Austin Foundation, George Blood and George Blood L.P. move to transfer venue to the Northern District of California. For the reasons below, the motion is granted.

I.     BACKGROUND

Plaintiffs are companies involved in the production, manufacture and sale of sound recordings. The Complaint alleges infringement of Plaintiffs' copyrights in recordings on 78 rpm phonographic records, which were popular in the United States from the early 1900s until the late 1950s. The Complaint alleges that Defendants have worked to collect, digitize and upload the recordings to the Internet as part of Defendant Internet Archive's Great 78 Project (the "Project"). The Project's goal is "the preservation, research and discovery of 78 rpm records." Collectors of 78 rpm records interested in supporting the Project can deliver their physical records to the non-profit Internet Archive's headquarters in San Francisco. After these donations are received, the records are sent to the Pennsylvania offices of Defendant George Blood L.P., where they are digitized. After digitization, the physical records are stored for

preservation in either San Francisco or Pennsylvania. The digital versions are uploaded to the Project's website, which is hosted on servers in the San Francisco Bay Area.

## II.  STANDARD

Under 28 U.S.C. § 1404(a), "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." District courts "have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis." *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006); *accord Mitchell v. Annucci*, No. 21-2978, 2023 WL 8073106, at *2 (2d Cir. Nov. 21, 2023) (summary order).[1] "Among the factors to be considered in determining whether to grant a motion to transfer venue are, *inter alia*: (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties." *N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010); *accord Mitchell*, 2023 WL 8073106, at *2. "The party requesting transfer carries the burden of making out a strong case for transfer." *Lafarge N. Am., Inc.*, 599 F.3d at 114.

## III.  DISCUSSION

The parties do not dispute that this action "might have been brought" in the Northern District of California. *See* 28 U.S.C. § 1404(a). The appropriateness of transfer therefore hinges

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

on the balance of the *Lafarge* factors. *See* 599 F.3d at 112. These factors support transferring this action to the Northern District of California.

        **A.**       **Plaintiffs' Choice of Forum**

"[A] plaintiff's choice of forum is presumptively entitled to substantial deference." *Gross v. Brit. Broad. Corp.*, 386 F.3d 224, 230 (2d Cir. 2004); *accord Kaufman v. Salesforce.com, Inc.*, No. 20 Civ. 6879, 2021 WL 1687378, at *4 (S.D.N.Y. Apr. 29, 2021). This is especially so when the plaintiff is a resident of the forum district. *See Kaufman*, 2021 WL 1687378, at *4. But this deference is not absolute. The weight given to a plaintiff's choice of forum is "lessened when the operative facts have few meaningful connections to the plaintiff's chosen forum." *Id.* Two Plaintiffs, Sony Music Entertainment and Arista Music, have their principal places of business in New York. Two others, UMG Recordings, Inc. and Capitol Records, LLC, are based in Santa Monica, California. Another two, Concord Bicycle Assets, LLC and CMGI Recorded Music Assets, LLC, are based in Nashville, Tennessee. Because only two of the six Plaintiffs are residents of the Southern District of New York, and because, as discussed below, the operative facts have only a tenuous connection to New York, the fact that Plaintiff chose to file this action here is granted relatively little weight.

        **B.**       **The Convenience of the Witnesses and Ability to Compel Unwilling Witnesses**

Courts in this district have often regarded the convenience of witnesses as the most important factor in the § 1404(a) analysis. *See Bailon v. Pollen Presents,* No. 22 Civ. 6054, 2023 WL 6880890, at *1 (S.D.N.Y. Oct. 17, 2023); *Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.*, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013) (collecting cases). Here, the convenience of witnesses weighs in favor of transfer. The obvious and primary witnesses with information about the alleged infringement are likely to be Defendants themselves or employees

of the Internet Archive.  *See Freeplay Music, LLC v. Gibson Brands, Inc.*, 195 F. Supp. 3d 613, 617 (S.D.N.Y. 2016) ("Typically in a copyright infringement action, the key witnesses are those individuals who were involved in the design, production, and sale of the allegedly infringing product.").  Defendants Brewster Kahle, Kahle/Austin Foundation and Internet Archive are located in the Northern District of California.  Thus, the District Court there has subpoena power over more of the witnesses than this Court does.  *See* Fed. R. Civ. P. 45(c)(1) ("A subpoena may command a person to attend a trial, hearing, or deposition . . . within 100 miles of where the person resides, is employed, or regularly transacts business in person.").

        **C.**        **Location of Relevant Documents and Ease of Access to Sources of Proof**

Transfer is appropriate when it would facilitate access to relevant documents.  *See In re Warrick*, 70 F.3d 736, 741 (2d Cir. 1995); *accord Kaufman*, 2021 WL 1687378, at *7.  "In infringement cases, it makes sense that the bulk of the relevant evidence usually comes from the accused infringer.  Consequently, the place where the defendant's documents are kept weigh in favor of transfer to that location."  *1724982 Alberta ULC v. Park Ave. Wholesale, Inc.*, No. 21 Civ. 4343, 2021 WL 3115125, at *5 (S.D.N.Y. July 20, 2021).  The relevant documentary evidence and the allegedly infringing digital recordings are likely to be kept by the Internet Archive in San Francisco.  However, because of the relative ease of copying and transmitting documents and recorded music in digital form, this factor weighs only slightly in favor of transfer.  *See 1724982 Alberta ULC*, 2021 WL 3115125, at *5-6 (according slight favor to movant, despite that "in the digital age [documentary] files are easily portable").

        **D.**        **The Locus of Operative Facts**

The locus of operative facts is a primary factor in determining whether to transfer venue.  *See, e.g.*, *Doe v. McAdam Fin. Grp. LLC*, No. 22 Civ. 113, 2022 WL 3579700, at *10 (S.D.N.Y.

4

Aug. 3, 2022); *Lehrer v. J&M Monitoring, Inc.*, No. 20 Civ. 6956, 2022 WL 2392441, at *10 (S.D.N.Y. July 1, 2022). "In a copyright infringement case, the operative facts . . . usually relate to the design, development, and production of an infringing product." *Mohamed v. Tesfaye*, No. 18 Civ. 8469, 2019 WL 1460401, at *5 (S.D.N.Y. Jan. 24, 2019). The facts alleged here point to the Northern District of California as the locus of operative facts.

The Internet Archive is headquartered in San Francisco, and Defendants Brewster Kahle and the Kahle/Austin Foundation are also based there. The servers hosting the Project's website are in the San Francisco Bay Area. The business arrangement between the Internet Archive and George Blood L.P. was established at the Internet Archive's San Francisco headquarters. Digital files prepared by George Blood L.P. are sent to the Internet Archive in San Francisco, where they are uploaded to the Project's website. The physical 78 rpm records themselves are stored for long-term preservation in facilities in Latrobe, Pennsylvania and Richmond, California.

The nexus between New York and the operative facts is more tenuous. Defendants note that the Project has been accessed by Internet users in New York, though the same presumably could be said about users in California. Although the Project makes digitized recordings available to the public for free, in an analogous context, numerous courts in this District have found that, where "there are roughly equivalent sales of an allegedly infringing product in multiple districts, each such district has a roughly equivalent claim to being the locus of operative facts." *Lokai Holdings, LLC v. Sundberg*, No. 21 Civ. 4466, 2021 WL 5450314, at *3 (S.D.N.Y. Nov. 22, 2021); *see also Alpha Indus., Inc. v. Alpha Clothing Co. LLC*, No. 21 Civ. 87, 2021 WL 2688722, at *8 (S.D.N.Y. June 30, 2021) ("While the Court recognizes that sales did occur in this District . . . that consideration is accorded substantially diminished weight in

light of Defendants' submission that its sales were nationwide."). That reasoning is persuasive in this context too.

New York, Defendants argue, is also the locus of operative fact regarding Plaintiffs' ownership of the protected sound recordings, the first element of a copyright claim. This argument is undermined by the fact that only two of the six Plaintiffs are based in New York, with as many based in California (and another two in Tennessee). The Plaintiffs all have "strong commercial connections to the New York market," a relevant consideration if Defendants assert a fair use defense. But this argument, too, could be applied to reflect Plaintiffs' strong commercial connections to the California market.

Although the events and activities at issue have yielded consequences in New York, these connections are slight when compared to the clear and concrete link between the facts of this case and the Northern District of California. Accordingly, this factor weighs in favor of transfer.

### E. Relative Means and Convenience of the Parties

When "there is a disparity between the parties, . . . [as] when an individual sues a large corporation, the relative means of the parties may be considered." *Kaufman*, 2021 WL 1687378, at *10. Here, no such disparity exists. This factor is neutral in the balance.

## IV. CONCLUSION

Having evaluated each of the relevant factors, and considering the interests of justice, Defendants' motion to transfer this action is GRANTED. The Clerk of Court is respectfully directed to transfer this case to the U.S. District Court for the Northern District of California. Defendants' motion for oral argument is DENIED as moot. The Clerk of Court is respectfully directed to close the motions at Dkt. Nos. 48 and 58.

Dated: December 8, 2023
New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

6